UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ANDREW CUNNINGHAM,

    Petitioner,                         Civil No. 2:12-CV-12196
                                         HONORABLE GERALD E. ROSEN
v.                                   CHIEF UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Richard Andrew Cunningham, ("Petitioner"), presently confined at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted of the above offense following a jury trial in the Oscoda County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The victim was found with no signs of life at around 3:00 a.m. by emergency medical personnel who responded to a 911 call made by defendant approximately half an hour earlier. Blood and feces were evident in various places around the house; much of it was later tested and found to match the victim's DNA. The victim had a cut behind her ear that was not bleeding. The

bathtub was wet from the bottom to a depth of three to four feet. An autopsy found extensive bruising all over the victim's face and body, many of which were described as potentially defensive wounds. The autopsy also found the victim to have serious internal injuries consistent with a very forceful impact to the abdomen. The injuries to the victim's neck were consistent with manual strangulation. Defendant had a blood alcohol level of .31 and had recently taken morphine.

Defendant claimed that the victim had been his girlfriend of 20 years, that they had not spoken to each other much that day, that the victim had come home from being out with friends and was stumbling around. He stated that he was watching television when he heard a thump from the bedroom, and upon investigation, the victim was lying down and had defecated on herself. He stated that he helped move her to the bathroom, where he removed her pants and turned on the shower, and when he returned to the bathroom ten minutes later, the victim was under water in the bathtub. He variously stated that he performed CPR for 20 or 45 minutes. He explained that a still-warm rug had been rolled up and moved outside because it had blood and feces on it, and a pool of red liquid found by the computer was cat vomit. Defendant offered several possible ways in which the victim got her cut, including slipping on ice or hitting herself on a faucet. He eventually admitted that he and the victim had had a violent confrontation that included throwing a chair at her.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
[T]here was, additionally, considerable independent evidence, such as several witnesses who testified to statements made by the victim about defendant being violent toward her near the time of her death. A witness also testified to defendant's angry demeanor and threats against the victim during the hours before she was killed. There was physical evidence indicating that defendant assaulted the victim on the evening of the murder; and a forensic pathologist described the victim's extensive internal and external injuries, which led him to conclude that the victim died by homicide from strangulation and blunt force trauma[.]

*People v. Cunningham,* No. 293134, at 1-2, 4 (Mich.Ct.App. January 25, 2011)(original footnote omitted).

Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 489 Mich. 975, 798 N.W.2d 787 (20011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. [A] defense trial counsel was constitutionally ineffective in failing to object,

and [B] the trial court violated appellant's due process rights by admitting unfairly prejudicial evidence of alleged domestic violence occurring many years before the charged murder and not tending to show motive, intent, or absence of accident; furthermore, the trial court should have granted a mistrial when the prosecutor violated appellant's due process rights and introduced evidence that appellant had two prior domestic violence arrests.

II. The trial court violate[d] appellant's due process rights by admitting the decedent's statements to friends on the date of the charged murder that went beyond the decedent's state of mind and included her memory of alleged other acts of domestic violence.

III. [A] the prosecutor violated appellant's due process rights by introducing the non-testifying county medical examiner's statement on the decedent's death certificate that the manner of death was homicide; and by introducing the report of a nontestifying laboratory analyst that blood at the scene contained a mixture of the decedent's DNA and that of a male; [B] furthermore, defense trial counsel [was] constitutionally ineffective in failing to object.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set

3

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  Claims #1 and #3.  The effective assistance of counsel and violation of due process claim.**

Petitioner alleges in his first claim that trial counsel was ineffective for failing to object to the admission of prejudicial evidence of prior instances of domestic violence. As part of his third claim, petitioner alleges that counsel was ineffective for failing to object to the admission of the medical examiner's statement on the decedent's death certificate that the cause of death was a homicide and failing to object to the report of a lab analyst that blood at the scene contained a mixture of the decedent's DNA and that of a male.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be

sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In his first claim, petitioner alleges that counsel was ineffective for failing to object to the prosecutor introducing petitioner's statement to the police that "I never threatened to beat her [decedent] up, but years ago we used to beat the crap out of each other." (Tr. 4/20/09, pp. 153-154; Appendix 2 p. 3).

The record establishes that trial counsel obtained a ruling from the trial court that the evidence was inadmissible. (Tr. 4/20/09, p. 147). Counsel then moved for a mistrial when this evidence came in later through a tape recorded statement made by petitioner to the police. (Tr. 4/21/09, p.160). Even though the evidence was later presented to the jury, the Michigan Court of Appeals found the evidence would have been permissible, in spite of the efforts made by trial counsel to keep it from the jury. Moreover any further objection would have been futile. *Cunningham*, No. 293134, Slip. Op. p. 4. Because counsel did, in fact, obtain a ruling in petitioner's favor and then asked for a mistrial after its introduction, petitioner's ineffective assistance of counsel claim pertaining to the admission of the statement is without merit. *See e.g. Durr v. Mitchell*, 487 F.3d 423, 440 (6th Cir. 2007).

Petitioner next contends that trial counsel was ineffective for failing to object to admission of the death certificate.

5

The Michigan Court of Appeals rejected petitioner's claim finding that "Under M.R.E. 803(9), death certificates are exceptions to the hearsay exclusion as records made to a public office pursuant to the requirements of law." *Cunningham*, No. 293134, Slip. Op. p. 4. Furthermore, "the death certificate was prepared by the county medical examiner and admitted during the testimony of the county medical investigator, who supplied the information on which the certificate was based." *Id*. at 5-6.

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure's when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the Michigan Court of Appeals determined that this evidence was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280 F.Supp.2d 704, 721 (E.D. Mich. 2003). Petitioner was not denied the effective assistance of trial counsel because counsel's failure to object to the admission of the death certificate was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, in light of the Michigan Court of Appeals' finding that the death certificate evidence was admissible under Michigan law. The failure to object to relevant and admissible evidence is not ineffective assistance of counsel. *See Alder v. Burt*, 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003).

Lastly, petitioner claims that trial counsel was ineffective for not objecting to the admission of the lab report. If an alleged error by counsel was not prejudicial, a federal

court need not determine whether counsel's performance was constitutionally deficient. *See McMeans v. Brigano*, 228 F. 3d 674, 686 (6th Cir. 2000)(citing to *Strickland*, 466 U.S. at 697).

Although the Michigan Court of Appeals found that the lab report was improperly admitted, the Court also found that petitioner was not harmed by its admission. *Cunningham,* Slip Op. p. 6. The Court found ample evidence of guilt independent of the DNA evidence. Multiple witnesses testified that petitioner appeared desperate, aggressive, threatening and hostile on the night that the victim died. The pathologist testified that the victim died from blunt force trauma and manual strangulation. (Tr. 4/22/09, pp. 143-144, 149). There was also testimony that the victim was home alone with petitioner and blood stains were found throughout the house following her death. Based on the overwhelming evidence produced at trial, petitioner was not prejudiced by admission of the lab report. Therefore, trial counsel was not ineffective for failing to object to its admission.

### B. Claim #2. Admission of the decedent's statement.

Petitioner next alleges that the trial court violated his due process rights by admitting the decedent's statements to friends that occurred on the date of the murder.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id*. Errors in the application of state law, especially rulings regarding the admissibility of evidence, are

7

usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000); *See also Spalla v. Foltz*, 615 F. Supp. 224, 234 (E.D. Mich. 1985).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

To the extent that petitioner argues that the state court violated M.R.E. 404(b) by admitting statements in connection with the victim's state of mind on or near the date of her death, he would not be entitled to relief because this claim is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F 3d 514, 519 (6th Cir. 2007); *Estelle*, 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals determined that the statements that were introduced into evidence "clearly fit" under the M.R.E. 803(3) exception to the hearsay rule, because they were statements that the victim feared petitioner, were relevant as to whether her death was accidental, and related to the victim's then existing mental and emotional condition at the time the statements were made. *Cunningham*, Slip. Op. p. 5. A federal habeas court is bound by a state appellate court's ruling that certain testimony is not hearsay, because state law governs questions concerning the admissibility of evidence. *Johnson v. Renico*, 314 F. Supp. 2d 700, 706 (E.D. Mich. 2004).

The state court's admission of evidence of the victim's state of mind pursuant to the hearsay exception found in M.R.E. 803(3) did not deprive petitioner of a fair trial, in light of the fact that there is no clearly established Supreme Court precedent which establishes that the admission of evidence that a murder victim feared the petitioner violates the petitioner's due process rights. *See Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003); *See also Yucel v. Berghuis*, 86 Fed. Appx. 918, 919 (6th Cir. 2004).

Moreover, although petitioner contends that this evidence was more prejudicial than probative, the Michigan Court of Appeals rejected this argument, finding that the victim's out-of-court statements that she was afraid of petitioner and her description of numerous violent acts were more probative than prejudicial, because the statements were offered to show that the victim was afraid of petitioner and to rebut petitioner's claim that the victim's death was an accident. The statements also showed that the victim and petitioner had a strained relationship. In one of the statements, the victim stated that petitioner "choked her, which was particularly compelling given the medical evidence that

9

the victim died by manual strangulation." *Cunningham*, Slip. Op. at p. 5. Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). So long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. *See Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001). Because there is a logical argument that the relevance of evidence that the victim feared the petitioner outweighed its potential for prejudice, the Michigan Court of Appeals' rejection of petitioner's claim was not unreasonable. *Frazier*, 343 F. 3d at 790. Petitioner is not entitled to habeas relief on his second claim.

### C. Claim #3. Admission of the death certificate and laboratory report.

Petitioner contends that the prosecutor violated his due process rights by introducing into evidence (1) the non-testifying country medical examiner's statement on the death certificate that the manner of death was homicide and (2) the non-testifying laboratory analyst that the blood at the scene contained the decedent's DNA and that of a male.

"Unless its jurisdiction is at stake, a federal district court on federal habeas review 'may take up issues in whatever sequence seems best, given the nature of the parties' arguments and the interest in avoiding unnecessary constitutional decisions.'" *Dittrich v. Woods*, 602 F. Supp. 2d 802, 809 (E.D. Mich. 2009); *aff'd in part and rev'd in part on other grds*, 419 Fed.Appx. 573 (6th Cir. 2011)(quoting *Aleman v. Sternes*, 320 F. 3d 687, 691

(7th Cir. 2003)). When a federal court is confronted with several possible grounds for adjudicating a case, any of which would lead to the same disposition of the case, "a federal court should choose the narrowest ground in order to avoid unnecessary adjudication of constitutional issues." *Id*. (citing *U.S. v. Allen*, 406 F. 3d 940, 946 (8th Cir. 2005)). Therefore, a federal district court on habeas review of a state court conviction can proceed directly to a harmless error analysis of a habeas petitioner's claims without first reviewing the merits of the claim or claims, "when it is in the interest of judicial economy and brevity to do so." *Id*. (citing *Porter v. Horn*, 276 F.Supp.2d 278, 344 (E.D. Pa. 2003)). Because the respondent does not contend that admission of the laboratory report was not harmless error and the Michigan Court of Appeals acknowledged that admission of the laboratory report was erroneous, this Court will proceed to a harmless error analysis of the admission of the laboratory report. The same analysis can be utilized in connection with the death certificate which both the respondent and Michigan Court of Appeals found admissible under M.C.R. 803(9).

Assuming that the admission of this evidence violated petitioner's Confrontation Clause rights, any such error was harmless. Confrontation Clause violations are subject to harmless error review. *See Bulls v. Jones*, 274 F. 3d 329, 334 (6th Cir. 2001), as are prosecutorial misconduct claims. *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997). In *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining

11

the jury's verdict.

Petitioner has failed to show that the admission of the death certificate certifying the cause of death as a homicide or the laboratory analysis which found the victim's DNA with the DNA of a male had a substantial and injurious effect or influence on the verdict.

The victim told three individuals that she feared petitioner due to the physical, psychological, and emotional abuse. The statements were admitted under M.C.R. 803(3) (Tr. 4/21/09, pp. 12-13; 16; Tr. 4/22/09, pp. 33-34). Rhonda Kanalos testified that on the night that the victim died, the victim told her that petitioner once pushed her off a bar stool onto the livingroom floor and she thought her back had been broken. Kanalos further testified that the victim told her that petitioner choked her to the point where her heart had skipped a beat (Tr. 4/22/09, p. 35). Joyce Gambino also testified that the victim was scared for her life and petitioner had slapped and choked her. (*Id.* at 104-105; 109). David Kanalos (Rhonda's husband) testified that petitioner phoned about 8:30 p.m. on February 23, 2008, asked about the victim, and told Kanalos about arguing with the victim over her "messing around" with John Walker (Tr. 4/21/09, pp. 231-233). Michelle Coltson testified that she brought the victim home and was confronted by petitioner screaming that the victim had ruined nineteen years of his life because of "screwing Johnny" (Tr. 4/22/09, pp. 63-64). Coltson saw a pair of underwear with a dildo in it on which petitioner had written "Johnny" (Tr. 4/22/09, p. 64). Coltson further testified that petitioner showed her the dildo and yelled "it's all for Johnny." *Id*. Petitioner kept getting more enraged and told Colston that the victim and Johnny "were done" and he was going to make sure they were both dead (Tr. 4/22/09, pp. 66-67). Petitioner later made a statement to police that "I

never threatened to beat her up, but years ago we use to beat the crap out of each other." (Tr. 4/20/09, pp. 153-154).

Admission of the death certificate and laboratory analysis does not warrant federal habeas relief, because any error did not have an injurious effect on the fundamental fairness of the trial, where there was ample evidence besides these statements upon which to base petitioner's first-degree murder conviction, and the verdict would not have been different had the evidence been excluded. *See Ford v. Curtis*, 277 F. 3d 806, 810 (6th Cir. 2002). Petitioner is not entitled to habeas relief on his third claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of

13

appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated: August 28, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 28, 2014, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5135